UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JOE DANIEL HOLT, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:17-cv-00359-KOB-JEO |
| ROBERT M. BAKER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on April 18, 2017, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 10). The plaintiff was notified of his right to file objections within fourteen days of the report and recommendation (*id*.), and on April 28, 2017, the court received the plaintiff's objections (doc. 12).

The plaintiff first objects to the magistrate judge's failure to address defendants "Wrecker Companies" and "Wrecker Company Drivers." (Doc. 12 at 1). However, the plaintiff failed to name any specific company or driver as defendants. Because fictitious party pleading does not exist in federal court, these entities and individuals were never proper defendants to this action. *See e.g., Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc*., 114 F.3d

1092, 1094 n.1 (11th Cir. 1997)) ("fictitious-party pleading is not permitted in federal court."). Even if the plaintiff had properly named identifiable wrecker companies or wrecker company drivers, this action would be dismissed against them, as § 1983 does not provide for a cause of action against wholly private individuals. *See e.g., Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). Bare bones assertions that private individuals conspired with state actors do not salvage a § 1983 claim against private actors. *Lawal v. Fowler*, 196 F. App'x 765, 767 (11th Cir. 2006) (citing *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)).

The plaintiff next objects that the magistrate judge did not address his demand for jury trial. (Doc. 12 at 1, 2, 7). Because this action does not pass muster under 28 U.S.C. § 1915A, the fact that the plaintiff wants his claims tried by a jury is of no consequence. The plaintiff is mistaken in his belief that Rule 38, FED. R. CIV. P., requires a court to hold a jury trial any time a demand for one is made. That Rule simply states that a right to jury trial exists. However, because the plaintiff is a prisoner, before ever reaching the issue of how to adjudicate any issues of fact, a court must consider the analysis required under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(b)(1) (requiring screening of a complaint "as soon as practicable after

docketing"); *Smith v. Hutchins*, 426 F. App'x 785, 787-88 (11th Cir. 2011); *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). In other words, before a case can go to a jury, the plaintiff must state a valid legal claim for which a jury could grant relief. The plaintiff's complaint fails to do that here so he cannot have a jury trial.

Similarly, the plaintiff's objection that the magistrate judge did not consider his claims for general damages, special damages, and replacement of his property (doc. 12 at 2), has no merit. Because this action does not survive review under § 1915A, that is, the complaint does not state a legal claim for relief, the type of relief the plaintiff wants should he prevail on the merits of his action is a moot point.

The plaintiff next complains that the magistrate judge failed to properly apply disability law when considering whether the Alabama Department of Corrections imposed a "disability" on him in 2007 by failing to transport him to the condemnation proceeding. (Doc. 12 at 1, 6). The plaintiff provides no basis in law for his novel proposition that being incarcerated creates a "disability" as that term is defined by the Americans with Disabilities Act. The plaintiff's claim that 42 U.S.C. § 12101(3) or (5) brings him within the Act's protections lacks merit.

The plaintiff also asserts that the magistrate judge misapplied the statute of limitations. (Doc. 12 at 2-4). The Supreme Court mandated that courts use the state's

general or residual statute of limitations for personal injury for claims brought pursuant to 42 U.S.C. § 1983. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). That decision binds this court. The Eleventh Circuit Court of Appeals, whose decisions also bind this court, stated that in § 1983 actions brought in Alabama courts must apply the two year statute of limitations found in Ala. Code § 6-2-38(*l*). *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). The plaintiff's dissatisfaction with these controlling legal decisions does not provide a basis for the court to ignore them.

The plaintiff's insistence that the court should have applied the statute of limitations found in § 6-2-8 instead of § 6-2-38(*l*) (doc. 12 at 3) has no basis in law.[1] Section 6-2-8 concerns the disabilities of being below the age of majority or being mentally incompetent. *See* ALA. CODE § 6-2-8. The statute mandates that an individual has three years from the removal of the disability to commence an action, but in no event more than 20 years from the time it accrued. *Id*. This statute has no bearing on claims under 42 U.S.C. § 1983 and does not provide a 20 year statute of

---

[1]The plaintiff further claims that when his earlier case was on appeal (*see Holt v. Valls*, 395 F. App'x 604 (11th Cir. 2010)), the Eleventh Circuit only considered his case under ALA. CODE § 6-2-38(*l*) and not ALA. CODE 6-2-8 and thus his Fourth Amendment claim is not barred. He states that no court has ever considered his procedural due process claim; therefore he is entitled to a hearing, citing *Board of Regents v. Roth*, 408 U.S. 564, 571-72 (1972). (Doc. 12 at 3). However, nothing in *Roth* states that a court must consider a procedural due process claim that is barred by the statute of limitations.

limitations for prisoners to contest forfeiture actions. (*See* doc. 12 at 3 (claiming the plaintiff has until 2029 to file his claims, under his interpretation of ALA. CODE § 6-2-8)). The case on which the plaintiff relies, *Dukes v. Smitherman*, 32 F.3d 535 (11th Cir 1994), was based on a tolling provision for convicted prisoners in ALA. CODE § 6-2-8. That language was rescinded by the Alabama legislature on May 17, 1996. *See* ALA. CODE § 6-2-8(a) (1975, as amended).[2]

The plaintiff's reliance on *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703 (11th Cir. 1998), does not assist him. That case involved equitable tolling specifically as it applied to Truth in Lending Act claims, where consumers' causes of action are fraudulently concealed from them. *Id.* at 708. Nor does *Sain v. City of Bend*, 309 F.3d 1134 (9th Cir. 2002), assist the plaintiff in any way. Setting aside the fact that Ninth Circuit cases do not bind this court, that case stated only that Rule 3, FED. R. CIV. P., provides the rule for when an action under § 1983 is commenced, and that Rule 6, FED. R. CIV. P., provides instructions for the computation of time. *Id.* at 1138. In no way did either of these cases create the proposition set forth by the

---

[2]The 1996 amendment removed imprisonment as a disability under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." ALA. CODE § 6-2-8(a)(1975). However, as previously stated, imprisonment was removed as a "disability" from this statute more than 20 years ago.

plaintiff, namely that Rule 3, FED. R. CIV. P.³, provides a tolling rule for borrowed state statutes of limitations in 42 U.S.C. § 1983 actions.

The plaintiff next states that the magistrate judge failed to consider if the named defendants acted under color of state law. (Doc. 12 at 2). Because all of the plaintiff's claims are barred by the statute of limitations, the magistrate judge had no reason to consider this issue.

The plaintiff further claims that the magistrate judge improperly found that Judge Robert M. Baker and Kristi A. Valls were entitled to absolute judicial immunity and absolute prosecutorial immunity, respectively. (Doc. 12 at 5). However, the Supreme Court stated that judges and district attorneys have absolute immunity. *See e.g., Mireless v. Waco*, 502 U.S. 9, 11-12 (1991) (judicial immunity is an immunity from suit); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (prosecutors are absolutely immune from allegations stemming from their function as an advocate). As Supreme

---

³Rule 3, FED. R. CIV. P., states "[a] civil action is commenced by filing a complaint with the court." Thus, in *Sain*, the court ruled that when the last day of a time period falls on a Sunday, a complaint filed on the following Monday is timely. 309 F.3d at 1138. The *Sain* court recognized that "[i] n *Wilson v. Garcia*, 471 U.S. 261 (1985), the Supreme Court held that the relevant state statute for personal injuries, rather than the state statute for statutory claims, should be used as the statute of limitations for § 1983 actions." *Sain*, 309 F/3d at 1139. In Alabama, the relevant state statute for personal injuries is ALA. CODE § 6-2-38(*l*). *See e.g., McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Court and Eleventh Circuit cases bind this court, the magistrate judge correctly found these two defendants immune. (Doc. 10 at 12-13).

The plaintiff objects to the application of the doctrines of res judicata, collateral estoppel, and *Rooker-Feldman* as bars to the current action. (Doc. 12 at 4). He states that because his claims were found to be barred by the statute of limitations previously, res judicata and collateral estoppel should not bar the claims now, because the court did not consider his claims under ALA. CODE. § 6-2-8. However, as previously noted, the plaintiff cannot benefit from ALA. CODE § 6-2-8 as he is neither an infant nor insane.

Moreover, the Eleventh Circuit previously considered the plaintiff's claim of entitlement to a hearing. In *Holt v. Valls*, the court stated, "Holt contends that the condemnation proceeding violated his due process rights because he was denied the opportunity to attend the hearing and therefore the court never addressed the merits of whether his property was appropriately seized. It is undisputed that Holt has previously litigated these due process claims in at least one separate lawsuit filed in state court . . . . " 395 F. App'x at 605. Because the plaintiff had the prior opportunity to litigate this claim in state court, the Eleventh Circuit found the claims before it were barred by the *Rooker-Feldman* doctrine. *Id.* The plaintiff's continued attempts to relitigate this claim are barred by res judicata, collateral estoppel, and the

7

*Rooker-Feldman* doctrine.  The plaintiff cannot pursue these claims anew each time he comes up with a new legal theory.

The plaintiff's assertion that his claims should not be barred by the statute of limitations, res judicata, or collateral estoppel against defendants Blakely, King, Royals, and Morell because he has never received a final judgment on the merits of his property interest claim (doc. 12 at 4) fairs no better.  Again, the Eleventh Circuit has held otherwise and this court is bound by that finding.

The plaintiff also faults the magistrate judge for stating that the criminal statutes listed by the plaintiff contain no private right of action. (Doc. 12 at 5-6).  The plaintiff asserts that nothing in these statutes states that they cannot be used in a civil action.  (*Id*. at 6).  However, only the United States as prosecutor can bring a complaint under criminal statutes.  *Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014) (plaintiff could not pursue claims under 18 U.S.C. §§ 241 and 242); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies.").  The plaintiff has no authority to represent the United States and thus cannot bring criminal actions against anyone.

As to the magistrate judge's determination that the plaintiff could not proceed under 42 U.S.C. §§ 1981 and 1985, the plaintiff objects as well, asserting that he

certainly may.[4] (Doc. 12 at 7). But, the plaintiff provides no legal basis to support this objection. He argues only that he is entitled to equal protection of the law. (*Id.*). Statements of truisms do not add any weight to the plaintiff's objections. *See e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The plaintiff has shown no way in which his right of equal protection was infringed and does not suggest that the 2006 forfeiture action was based on any protected classification. Even if the plaintiff had done so, his claims would still be barred by the statute of limitations.

The plaintiff also objects to the magistrate judge's failure to address his claims under 42 U.S.C. § 1988. (Doc. 12 at 7). Section 1988 is a means by which a "prevailing party" can recovery attorney fees. As explained by the Supreme Court in *Hewitt v. Helms*,

> . . . to be eligible for attorney's fees under § 1988, a litigant must be a "prevailing party." Whatever the outer boundaries of that term may be, Helms does not fit within them. Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail. *See Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980). Helms obtained no relief. Because of the defendants'

---

[4] As noted by the magistrate judge, the plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1985 lack merit. *Butts v. County of Volusia*, 222 F.3d 891, 892–94 (11th Cir. 2000) (holding that § 1981 does not provide any remedies against state actors beyond those in § 1983); *Asad v. Bush*, 170 F. App'x 668, 673 (11th Cir. 2006) (stating § 1985 requires a showing of racial or other discriminatory animus for conspiracy claim).

9

> official immunity he received no damages award. No injunction or declaratory judgment was entered in his favor. Nor did Helms obtain relief without benefit of a formal judgment-for example, through a consent decree or settlement. *See Maher v. Gagne*, 448 U.S. 122, 129 (1980). The most that he obtained was an interlocutory ruling that his complaint should not have been dismissed for failure to state a constitutional claim. That is not the stuff of which legal victories are made. *Cf. Hanrahan, supra*, 446 U.S., at 758-759.

482 U.S. 755, 759-60 (1987).

The plaintiff is not within the realm of "prevailing party." Moreover, because the plaintiff is *pro se*, he has not incurred any attorney fees. *Pro se* litigants are not entitled to recover attorney's fees for legal work they did themselves. *Cofield v. City of Atlanta*, 648 F.2d 986, 987 (5th Cir. 1981) ("the intent of Congress in enacting section 1988 would be seriously undermined if we allowed pro se litigants to recover legal fees under that section."); *Rheuark v. Shaw*, 628 F.2d 297, 300 n.1 (5th Cir. 1980) ("Congress intended 42 U.S.C. § 1988 to compensate attorneys not pro se litigants."). *See also Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991) (even an attorney who represents himself is not entitled to attorney fees.).

Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation, the plaintiff's objections are **OVERRULED.** The magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. §

1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

The court also finds that the plaintiff's Request for Order, filed May 1, 2017 (doc. 13) and Motion to Add Defendants After Discovery and Prior to Trial (doc. 14) are due to be **DENIED** as **MOOT.**

A Final Order will be entered.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE